Good morning. May it please the court, my name is Mario Acosta Jr. and I represent the petitioner in this case, Mr. Julio Cesar Calderon. At this time, I'd like to request that two minutes of my argument time be reserved for rebuttal. Before you plunge into your argument, I say before you plunge into your argument, let me ask you straight away why you have not waived it. There's a few responses to that question, Your Honor. Well, give us one. Not a good one if you haven't. One of them is definitely that the BIA has already addressed the issue. It really isn't clear whether or not Mr. On the brief, you don't address it. Well, because in our position, it's our belief that it was a non-issue. Why is it a non-issue? The BIA says you waived it. The BIA did not say that we waived it. The BIA, in its two decisions, basically in passing, recognizes that Mr. Calderon admitted the charge, albeit pro se. And it wasn't even that clear that he admitted the charge. Essentially, the immigration judge asked him, do you think you can be deported for this offense? And he answered yes. I mean, this is a gentleman who has no immigration law experience, doesn't know what's going on. And the BIA, on two separate occasions, addressed the merits of whether or not his conviction was categorically a crime of violence. So I don't believe that it's. It did address the merits, but first it said a separate ground is he waived it. Well, I don't believe that it explicitly held that it was a separate ground. I don't think you can rush the BIA away. And I'm not trying to do so, Your Honor, but I do believe that the BIA doesn't rely. It's one thing if the BIA cites to a specific point, but I think that it's completely different if it relies on it. There are published BIA cases that hold that a concession is enough. I'm sorry. Here's the first one, that one thing, and here's the second ground. If they have two grounds, they don't have to say we're only relying on the first. They have two grounds. I understand. I don't know how you overlooked it in your brief. Well, I don't think that we overlooked it. As I mentioned, I believe that because Mr. Calderon raised it in his notice of appeal and he put the BIA on notice, that that's enough. I would also indicate to the court that. In this court, you had to address it. I understand. There's a published decision that was decided a few months ago that in our position is factually indistinguishable from this one. The name is Mandujano Real v. Mukasey. In that case, the alien was also pure pro se before an immigration judge. He conceded that he was removable as an aggravated felon. On appeal, he raised the issue of removability. The BIA found that he was removable as charged, and it went into the merits. It mentioned the fact that he had conceded removability, but it still addressed the merits. On appeal, the Ninth Circuit, in a president opinion, held that it was a non-issue that he had conceded removability at the immigration. No, Your Honor, because it was decided after we had submitted briefing. I'm sorry, Your Honor. Please provide the citation. I will, Your Honor, if I may now. It's 526 F. 3rd 585, and it was decided about four months ago. So in my review, in my preparation for the case, I came across it, and it's our position that that case would be dispositive on that issue anyway. That's certainly an answer. Exactly, and I would also point out, Your Honor, that as far as the waiver issue is concerned, I would point out that the government initially remanded this case, and if that was an issue, the government could have raised it in its opening brief. Why would it agree to remand the case back to the board so that the board could apply the modified categorical approach if it believed that it was an issue the first time? So if waiver is an issue, it could also be that the government waived that issue by not raising it the first time. Waived the waiver. Exactly. They waived the waiver. And not only that, we would also add that the BIA wasn't prejudiced at all because it's had two bites at the apple. It's been able to address this issue on two separate occasions, and it's found that the offense is categorically an aggravated felony. Let me ask you the merits. Yes, Your Honor. This guy is convicted of assault with intent to commit forcible sexual penetration with a foreign object. Not specifically. I believe that he was convicted of assault with intent to commit a felony, a violation of 289. What is 289? 289 provides different provisions, some of which that might be forcible. Penetration by a foreign object is what I have it right here. I understand, Your Honor. Tell me how it is that assault with intent to commit 289 cannot be a crime of violence. Well, the board's decision doesn't even get to the 289 part. The board's decision essentially finds that an assault, by definition, has to be a crime of violence because of the definition. An assault is an intentional, nonconsensual touching. No. Well, I believe the statute, Your Honor, if I may, specifically prescribes that the statute is, the statute punishes an unlawful attempt, and that's the word that it uses, an unlawful attempt to commit an injury upon another person. Now, I'm sorry, an unlawful attempt with the present ability to commit an injury on another person. The phrase unlawful attempt, it's been defined by California courts as essentially prescribing to general intent. General intent under California law can include a mens rea that would be either reckless or negligent, and we cite two cases that support that assertion. That may be for simple assault, but when you add the additional element that he's charged with assault with the intent to commit a 289 offense, I don't understand how that cannot be a crime of violence. Well, assuming that the BI would have moved on to the second component, right, and both of its decisions basically just hangs its hat on the 240 issue, that assault by definition has to be a crime of violence. But if we would have moved on to the second part, in the plea agreement and also in the charging document, it doesn't provide what subsection of 289 Mr. Calderon pled guilty to violating. A recent case, another recent case that was decided after briefing, the en banc decision in Estrada Espinoza actually cites to a provision of 289, 289H, that punishes just unlawful sexual penetration with someone under the age of 18. Right, but that's not what this guy was charged with. He was charged with assault. No, I understand. But what I'm talking about is that he was convicted of assault with intent to violate a 289, but it doesn't provide what subsection of 289 he pled guilty to violating. Explain to me under what scenario you can be convicted of assault with intent to commit a 289 and not have that a crime of violence. Give me a factual scenario that wouldn't be a crime of violence. Your Honor, I mean, at this point just I would imagine that a situation where the assault was unrelated and the person essentially pled guilty or was charged with the offense because the person was a minor. Under California law, anybody, a girl that's 17 years old and 364 days old legally can't consent. Yes, but that's not an assault. That's a 289. I understand, Your Honor, but what I'm saying is that You keep saying you understand, but you don't give me the answer. I'm sorry. Give me a scenario under which someone can be charged with assault with intent to commit a 289. Not a 289, but assault with intent to commit a 289 that doesn't, that would not be a crime of violence. Well, I believe that in this situation you could conceivably have the assault be committed in a manner where the person acted reckless or negligent. Specific facts I really can't come up with at this point. I can't come up with one either. But obviously the statute does punish those types of facts, and it's actually made clear. I mean, I would imagine that, you know, throwing a rock at a window or something is a conscious disregard and someone might not be in there. I mean, that's probably stretching a little bit. But the question here is whether or not it's plausible. It's possible that he could have committed the assault with a negligent or a reckless mens rea. And I think that it's clear that that is possible. And Fernandez-Ruiz stands for the proposition that that wouldn't be a crime of violence. If you move on to the 289, it's possible that he could have had an intent to have, you know, have sex with someone who was under the age of 18. Valencia V. Gonzalez says that unlawful sexual intercourse with someone under the age of 18, when it just punishes the fact that legally they don't believe that they have, you know, the capacity to consent, isn't categorically a crime of violence. So if we apply a modified approach, the board never applied the modified approach here in this case, so I would like to just reserve the rest. Thank you, Mr. Cook. Good morning. Good afternoon, Your Honor. Did you take the position that they waived the? Yes, that is our position that they. Well, what about the case he cited? I don't know that, but do you know it? I don't know it either. I haven't looked at it. Well, maybe you could reply to it then. Sure, we can file a letter after the argument and address that case. Our position is. What's your name for the record? Oh, Carol Federighi for the respondent in this matter. Our position is that Petitioner has waived any challenge to the finding of deportability, both by, because he conceded it at his hearing, and as Your Honor pointed out, that was a separate and dispositive reason for the board to deny, to dismiss his appeal, and we believe the case should be affirmed on that basis. I do believe, though, that there are a lot of troublesome issues here on the merits, and I wanted to talk about those. As I reviewed the case this weekend, I found sort of staring me in the face an issue that was not addressed by the parties or the board in the briefs, and that's whether the assault statute, California Penal Code 240, does require sufficient physical force to meet the definition for a crime of violence under 18 U.S.C. Section 16b. Both of those statutes do require the use of physical force. 16b actually uses the term physical force. Is there any difference between force and physical force? Not under. No, no, you don't mean physical. Force is physical. Force is physical, but under 16b, this court has held under 16b, the physical force that's referred to in 16b has to be an act of violence. And I refer you to... Well, I think that since every force is physical, all you need to say is an act of force is violent. Well, under this court's case law, 16b has been held to require a violent use of physical force. Under the California case law, though, the definition of assault under 240 can require something as low as just offensive touching. So it would not meet the definition of physical force that this court has held that 16b requires. As I said, 16b requires violence, and assault under the California case law does not necessarily require violence. So where does this leave us? I'm not sure I understand what you're saying. Well, that's an issue the parties didn't address, and it was not brought up by Petitioner in his appeal to the brief or on the second go-around. I mean, appeal to the board or on the second go-around to the board either. And he also did not raise it in his brief. So, again, the court can just dismiss that issue for failure to exhaust or deny for a waiver before this court. But as Mr. Acosta pointed out, the government did agree to remand this case despite unexhausted issues on the first go-around. So I would like, I guess, unless the court is inclined to dismiss the case for waiver and failure to exhaust, I would ask that the court maybe defer submission of the case for a couple weeks for the government to look at this issue on whether assault under CPC 240 actually meets the definition of 16B in terms of the amount of violence required. Judge Silverman pointed out that he was actually charged not just with assault, but with assault to commit a forcible act of sexual penetration under California Penal Code 289, and Your Honor asked whether that itself is by definition a crime of violence. That is something the board didn't address. So if it's necessary to remand the case, that would be something the board could address on remand. But I don't think it's properly before this court. What are you asking us to do, to hold off for two weeks? Yes, that would be my request, unless the court is inclined to find that he's waived the issue by not raising it below, not briefing it before this court. In that case, the case can be disposed of on those grounds. Well, what happens after two weeks? Are you going to file something? We could file something, yes. Yes. As I said, I just want more time to consult with my client and to look into this issue. But I do feel like it's an issue sort of jumping out at me, possibly not the panel, but jumped out at me that wasn't addressed by the parties and is potentially dispositive, and I think it's worth a little more consideration. So that's our game plan, I guess you could say. The other issues that he raises are whether his conviction was actually for a felony. It is a felony. The minimum sentence under the statute that he was convicted of, CPC 220, is two years. Even though he received less than that, the minimum statutory sentence is two years. Therefore, it's a felony. And the California courts have held that assault is a general intent offense, and therefore it requires intent and not just reckless or negligence mens rea, and therefore it meets the mens rea requirement that the Supreme Court set out in Leocal and this court set out in Fernandez-Ruiz. So the other issues that he raises in his briefs I don't believe help him at all, and we ask that those issues be denied. Are there further questions? Thank you. Thank you. I would like to just go back, if I may, to the argument of the intent. Fernandez-Ruiz, I really think, is dispositive of the intent requirement for a crime of violence, and I really do think that the court should take a look at that case and see how it would apply to just the regular definition for assault. I understand the court's concern in that the statute punishes assault with intent to commit a particular felony, but we would respectfully point out that the board has had two opportunities to address that, and in both of those opportunities, it has failed to apply the modified categorical approach in this case. Now, my understanding of this court's jurisdiction to consider this decision is it considers the matter de novo, and with that in mind, I don't believe that a remand to the BIA is necessarily an order because how to apply Section 16B isn't necessarily something that's in the agency's discretion to decide. It's a question of criminal law. It's a question of law that this court can decide, and I believe that considering the fact that the board has had two opportunities to decide it, if the court was to agree that the statute is divisible, because that's all we're arguing here, whether or not there's a way to violate this statute in a way that it would not be a crime of violence categorically. If the court agrees that there is such a way, then I believe that at that point, the court should just grant the petition and proceedings will essentially be terminated because the government did not bear its burden of proving removability in this case. And just lastly, I would also note that we did make the argument that I think under California Penal Code Section 17B.1, it prescribes that any type of imposition of punishment other than state prison automatically converts an offense to a misdemeanor for all purposes. Section 16B requires that the offense have to be a felony. In this case, 265 days were imposed and nothing else, no state prison was imposed. Therefore, it was a misdemeanor and it would not qualify as an aggravated felony. Thank you. Thank you, counsel. Mr. Costa, we have some forms that you fill out with new citations. Would you, before you take off, would you give that to the clerk, please, in the case you were citing before? Thank you very much. The case just argued was submitted for the time being. We made deferred submission after the conference on it. Thank you. 0771354, Sandoval Macias versus Mukasey. Each side has 10 minutes.
judges: Noonan, Silverman, Conlon